UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY ADAMS,<br><br>    Petitioner,<br><br>v.<br><br>JAMES SCHIEBNER,[1]<br><br>    Respondent. | Case No. 4:22-10746<br><br>Hon. Shalina D. Kumar |

**OPINION AND ORDER OF SUMMARY DISMISSAL**

On March 24, 2022, Petitioner Anthony Adams, a prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Wayne County Circuit Court of assault with intent to commit great bodily harm, Mich. Comp. Laws § 750.84; carjacking, Mich. Comp. Laws § 750.529A; armed robbery, Mich. Comp. Laws § 750.529; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He is serving a term of eighteen to thirty years'

---

[1] The caption is amended to reflect the proper respondent, the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. § 2254.

imprisonment for the carjacking and armed robbery convictions, two to ten years for assault, and a fixed, consecutive two-year term for the felony firearm count.

Petitioner asserts his Fourteenth Amendment due process rights were violated when the judge used inaccurate information in imposing his sentence. Because Petitioner's challenge is based on the trial court's interpretation of state law, and because the sentence did not violate his federal constitutional rights, he is not entitled to habeas relief. The petition will be dismissed. An explanation follows.

## I.  Background

The Michigan Court of Appeals summarized the facts in Petitioner's case as follows:

> In the early morning of December 5, 2015, Fountain and Adams committed a carjacking and robbery at a gas station in the city of Detroit. Fountain drove into the gas station parking lot and woke up a sleeping Adams to point out an SUV. The two approached the SUV while the driver, Michael Thomas, was putting air into a tire. Fountain brandished a weapon, demanded Thomas's glasses, and shot Thomas in the leg twice. Meanwhile, Adams entered the driver side of the SUV and appeared to try to start the vehicle. A passenger in the backseat shot Adams in the neck. Adams staggered out of the SUV, and both he and Fountain returned to the sedan they had arrived in. Fountain drove the sedan away.
>
> Thomas ran into the gas station, where his cousin, who had been another passenger in the SUV, joined him and wrapped Thomas's leg with his undershirt. EMS was called. Police arrived

>within minutes, and an ambulance arrived to take Thomas to the hospital. Thomas was treated for four gunshot wounds (each shot went completely through the leg) and was discharged the same morning. Meanwhile, Fountain dropped Adams off at a different hospital. Adams was bleeding from his throat and was unresponsive. He continued to be treated for several days and had difficulty speaking because of his wound.

*People v. Fountain*, No. 349361, 2020 WL 6231211, at *1 (Mich. Ct. App. Oct. 22, 2020), *appeal denied*, 507 Mich. 902 (2021), and *appeal denied sub nom. People v. Adams*, 507 Mich. 902 (2021).

Petitioner appealed by right his convictions for assault with intent to commit great bodily harm, Mich. Comp. Laws § 750.84; carjacking, Mich. Comp. Laws § 750.529A; armed robbery, Mich. Comp. Laws § 750.529; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The state court of appeals affirmed Petitioner's convictions in an appeal consolidated with that of his co-defendant. *People v. Fountain*, No. 335034, 2018 WL 1734022, at *1 (Mich. Ct. App. Apr. 10, 2018). However, the court remanded both defendants' cases for resentencing before a different judge. The court agreed that when the trial court sentenced them at the top of their guidelines range it was "punish[ing] them for failing to take plea deals and insisting on proceeding to trial . . . ." *Id.* at *6.

On remand, Petitioner "was resentenced as a fourth-offense habitual offender to 18 to 30 years' imprisonment for the armed robbery and carjacking convictions, 2 to 10 years' imprisonment for the AWIGBH conviction, and two years' imprisonment for the felony-firearm conviction." *Fountain*, 2020 WL 6231211, at *1. This was a reduction from his original sentence of 47.5 years to 85 years for the carjacking and armed robbery convictions; his assault and felony-firearm sentences were unchanged. *See Fountain*, 2018 WL 1734022, at *1.

The defendants appealed again by right following resentencing, and both challenged the scoring of Offense Variable 3 under Michigan's sentencing guidelines system. *Fountain*, 2020 WL 6231211, at *2. The state court of appeals explained the issue:

> The resentencing court assigned 25 points to OV 3, which concerns physical injury to a victim, because a "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). Defendants contend that the court should have assessed 10 points, indicating that "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). Defendants argue that Thomas's injury was not actually life-threatening or permanently incapacitating.

*Id.*

The court of appeals agreed that the carjacking victim's injuries were not life-threatening. However, Michigan law permits the scoring of this offense variable to be based on the injuries not just of victims but on the

4

injuries suffered by "coperpetrators, and indeed even offenders themselves." *Id.* at *2 (citing *People v. Laidler*, 491 Mich. 339, 347-353 (2012)). Accordingly, it found Petitioner's own injuries supported the higher score for this variable:

> Adams's injury did qualify as life-threatening. Adams sustained a gunshot wound to the neck, rendering him unresponsive by the time he was dropped off at the hospital. He was bleeding from his oropharynx and sustained a right mandibular fracture and left interior carotid artery occlusion. Adams's treatment involved complications. Twelve days after his injury, he was still in the hospital being medicated and had difficulty speaking. At his first sentencing, Adams's counsel asked the court to "take into account the fact that [Adams] was shot in the face and the neck and he almost died." Adams himself also spoke to the severity of his injury, telling the sentencing court that he almost lost his life and that the injury caused him to go into a coma that left him with no knowledge of what had happened at the gas station. This injury was life-threatening, supporting the resentencing court's assessment of 25 points for both Fountain and Adams.

*Id.* at *3. The state court affirmed Petitioner's sentences. *Id.* at *5.

Now before the Court is Petitioner's timely petition for a writ of habeas corpus. Petitioner raises a single claim of error, that his "Fourteenth Amendment Right is violated where the Judge used inaccurate information to sentence after remand." ECF No. 1, PageID.6.

## II. DISCUSSION

### A. Summary dismissal

5

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A habeas petition may also be summarily dismissed if it does not set forth facts that give rise to a cause of action under federal law. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001).

The Sixth Circuit disapproves of ordering a response to a habeas petition "until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir.1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No response to a habeas petition "is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without need for consideration of a response." *Id.*; *see also* 28 U.S.C.A. § 2243.

6

After undertaking the review required by Rule 4, for reasons stated in greater detail below, this Court concludes that Petitioner's claims do not entitle him to habeas relief and the petition must be summarily dismissed. *See McIntosh v. Booker*, 300 F.Supp.2d 498, 499 (E.D. Mich. 2004).

**B. Petitioner's sentencing challenge**

Petitioner argues he is entitled to habeas relief because Offense Variable 3 under the Michigan Sentencing Guidelines system was incorrectly scored, and as a result, his Fourteenth Amendment due process rights were violated by a sentence based on inaccurate information. ECF No. 1, PageID.6. Petitioner is not entitled to habeas relief on this issue because this is a question of state law and because his sentence does not otherwise violate constitutional protections.

In general, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). More specifically, "[e]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). A claim the state trial court incorrectly scored, calculated, or applied state legislative sentencing guidelines is not cognizable under federal habeas review because it is

7

based solely on state law. *Paris v. Rivard*, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015) (citing *McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D. Mich. 2006)). Habeas petitioners have "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly" in their sentence determinations. *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). And petitioners have "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

However, habeas relief is potentially available where "[v]iolations of state law and procedure . . . infringe specific federal constitutional protections[.]" *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62 (1991)); *see also Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (An alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'"). For instance, a criminal sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*,

8

334 U.S. 736, 741 (1948). Such a claim requires a petitioner show that the information relied upon by the court in imposing the sentence was materially false. *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988)).

The federal constitution may also be violated, and habeas relief potentially available, when "the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). However, "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir.1995) (citing *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir.1994)).

While Petitioner asserts his sentence was based on inaccurate information, he does not suggest the factual basis of who suffered the injuries scored under Offense Variable 3 and whether those injuries were life-threatening was "materially false." Instead, he challenges how the trial court interpreted the state sentencing guidelines in his case. This issue is not cognizable on habeas review. *Paris*, 105 F. Supp. 3d at 724.

Furthermore, Petitioner's maximum terms are within the statutory maximum and therefore do not otherwise violate his constitutional rights. *Organek*, 65 F.3d at 62-63. Petitioner's sentences affected by the alleged

9

miscalculation of OV 3 are the eighteen-to-thirty-year term for the armed robbery and carjacking convictions and the two-to-ten-year term for the AWIGBH conviction.[2] Both armed robbery and carjacking convictions may be punished by maximum terms of "imprisonment for life or for any term of years." Mich. Comp. Laws § 750.529(2) (armed robbery); Mich. Comp. Laws § 750.529a(1) (carjacking). The unenhanced maximum term for the assault conviction is ten years. Mich. Comp. Laws § 750.84(1). Because Petitioner was sentenced as a fourth-offense habitual offender, he potentially faced a life term for that conviction as well. *See* Mich. Comp. Laws § 769.12(a), (b) (permitting life terms for "listed offenses," including assault with intent to inflict great bodily harm, and for convictions on offenses punishable by a maximum term of at least five years).

Petitioner's sentences did not infringe on his due process or any other constitutional rights. His claim of error is without merit and he is not entitled to habeas relief.

## II.   Certificate of Appealability and *In Forma Pauperis* status on appeal

---

[2]   Petitioner's two-year term for the felony-firearm conviction is a mandatory, determinate (fixed) sentence to which the sentencing guidelines do not apply. *People v. McCuller*, 479 Mich. 672, 704 (2007) (Kelly, J., dissenting).

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id*.

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

11

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: July 26, 2022